## HARTFORD SUPERIOR COURT, MARCH TERM, A. D. 1785.

ALLIN ET UX. v. BUNCE.

A devise to a man and the heirs of his body lawfully begotten forever creates a fee-tail.

ACTION of ejectment for a piece of land. The case from the declaration and pleadings was thus — Capt. Knowles of

Hartford, in and by his last will and testament, dated the 30th of November A. D. 1753, devised certain lands, including the demanded premises, to his son Samuel and to the heirs of his body forever.    The testator died and his will was proved and approved.    Samuel Knowles, the devisee, married and had heirs of his body, the plaintiff's wife being one, and then said Samuel sold and conveyed the estate in fee to the defendant, and is since dead.

The question made in this case was — Whether this was a fee conditional in Samuel the son, or a fee-tail.

By the court it was adjudged to be a fee-tail in Samuel the son, and the plaintiff had judgment for the land demanded.

The case of John Kimberly v. Hale, adjudged at Hartford on a special verdict, was quoted, in which case the jury found the following facts in a special verdict, viz. That in April A. D. 1727, Samuel Smith, Sr. made a settlement of his estate to certain uses, viz. first to himself for life, then to his son Samuel and the heirs of his body lawfully begotten; and in default of such heirs to his son Joseph and the heirs of his body lawfully begotten; and in default of such heirs then to his own right heirs.  That Samuel, Sr. died, and Samuel the son entered into said estate and was seized; and without having any heirs of his body, in A. D. 1734 he conveyed said estate to his sister Rachel; that thereupon said Rachel entered and was possessed, and under her the plaintiff claims.  That in A. D. 1749 Samuel the younger died without heirs of his body, and that thereupon the said Joseph Smith, entered upon the estate, claiming the same as tenant in tail by force of the deed of settlement aforesaid, and leased it to the defendant for a term not yet expired; who entered and did the facts complained of in the plaintiff's declaration.

And thereupon put the question of law to the court upon the facts aforesaid — Whether the said Joseph Smith and the

defendant under him, had right to enter into said land, etc. The court adjudged that the said Joseph Smith, and the defendant under him, had right to enter into said land; and thereupon, judgment was for the plaintiff to recover.

The principal case of Allin and Bunce was carried by a writ of error, to the Supreme Court of Errors, and the judgment of the Superior Court was affirmed.